UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Egge, on behalf of himself and all other persons similarly situated,

Plaintiff,

vs.

Healthspan Services Company d/b/a/ Reliance Recoveries,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-934 ADM/AJB

---

Jordan M. Lewis, Esq. and Wood R. Foster, Jr., Esq., Siegel, Brill, Greupner, Duffy & Foster, P.A., Minneapolis, Minnesota, and Mark G. Stephenson, Esq., Stephenson & Sutcliffe, P.A., Rochester, Minnesota, appeared for and on behalf of the Plaintiff.

James F. Roegge, Esq. and Alana K. Bassin, Esq., Meagher & Geer, P.L.L.P., Minneapolis Minnesota, appeared for and on behalf of the Defendant.

---

## I. INTRODUCTION

Plaintiff David Egge ("Plaintiff") alleges that Defendant Healthspan Services Company ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e) and 1692(f), and section 334.01 of the Minnesota Statutes ("§ 334.01"). On August 8, 2000, the undersigned United States District Judge heard Defendant's Motion to Dismiss [Docket No. 4]. For the reasons set forth below, the motion is denied in part and granted in part.

## II. BACKGROUND

In March 1995, Plaintiff's spouse, Mrs. Mary Egge, was hospitalized and given medical attention at Abbott Northwestern Hospital, an Allina Health Care provider in Minneapolis,

SEP 28 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Minnesota. Defendant is the principal debt collector for Allina and attempted to collect payment for the medical services received by Mrs. Egge.[1] Defendant sued Plaintiff and his wife in Minnesota state conciliation court for the outstanding expenses at Abbott Northwestern. On October 20, 1999, judgment in that proceeding was levied against Mrs. Egge for $3,257 and the claim against the Plaintiff was dismissed with prejudice. Plaintiff alleges that Defendant improperly attempted to collect money from Plaintiff for his wife's debt in contravention of the FDCPA and violated Minnesota's usury statute by charging usurious interest.

## III. DISCUSSION

### A. Standard of Review

Defendant's motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and asks that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. When ruling on a 12(b)(6) motion, the court must review the complaint's allegations and construe them in a light most favorable to the plaintiff. *See Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir.1993). All factual allegations must be accepted as true. *Id.* Only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his

---

[1] Although these facts were not included by the Plaintiff in his complaint, this does not necessitate that the Court consider the Defendant's motion as one for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. "Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss." *Missouri v. Coer D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999). "It is well settled that a court may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Thompson v. Olsten Kimberly Quality Care, Inc.*, 980 F.Supp. 1035, 1036 n.1 (D.Minn. 1997)(citing *Pension Benefit Guar. Corp. v. White Consol. Ind.*, 998 F.2d 1192, 1196 (3rd Cir.1993)). The Plaintiff assumed in his responding brief to this motion that the medical treatment took place in 1995 and that the attempts to collect money from Plaintiff stem from this event. The Defendant's motion will remain one for dismissal under Rule 12(b)(6).

claim that would demonstrate an entitlement to relief" should a complaint be dismissed. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir 1998).

**B. Motion to Dismiss the Plaintiff's FDCPA Claims**

The FDCPA proscribes debt collectors from employing "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). Specific FDCPA prohibitions implicated here include falsely representing the "character, amount or legal status of any debt," (15 U.S.C. § 1692(e)(2)), threatening "to take any action that cannot legally be taken or that is not intended to be taken," (15 U.S.C. § 1692(e)(5)), or the "use of any false representation or deceptive means to collect or attempt to collect any debt" (15 U.S.C. § 1692(e)(10)). In general, "unfair or unconscionable" means of attempting to or collecting a debt are also forbidden. 15 U.S.C. § 1692(f).

Plaintiff's FDCPA claim is based on two separate actions taken by Defendant. First, Plaintiff alleges that under Minnesota law he was not liable for his wife's debt with Defendant and therefore, attempts to collect from him were deceptive and misleading in contravention of the FDCPA. Defendant responds that its collection activities directed toward the Plaintiff as spouse of the debtor was not an FDCPA violation because he was legally responsible for this debt.

Prior to 1997, section 519.05 of Minnesota Statues stated that "a spouse is not liable to a creditor for any debts of the other spouse, except for necessaries furnished to the other after marriage, where the spouse would be liable at common law." Minn. Stat. § 519.05. (1995) (amended 1997). In *Plain v. Plain*, 240 N.W.2d 330, 332-33 (1976), the Minnesota Supreme Court explicitly held that medical expenses were necessities and that under section 519.05 a

husband was liable for all such expenditures provided to his wife. In 1997, the law was amended and the necessities exception was removed, relieving spouses of liability for such expenses in the future. Minnesota Stat. § 519.05. Defendant argues that because Mrs. Egge's debt was incurred prior to the 1997 amendment, Plaintiff was liable for the medical debt incurred by his spouse. Plaintiff counters that the 1997 amendment negated his liability for such expenses from that point forward, rendering the alleged collection activities directed toward the plaintiff after that time a violation of the FDCPA.

The critical issue is whether the amendment is to be retroactively applied to the debt incurred prior to the change in law and whether or not liability is fixed when the debt arises. In Minnesota, laws are not given retroactive application "unless clearly and manifestly so intended by the legislature." Minn. Stat. § 645.21. The Minnesota Supreme Court has applied this statute to the amendment of existing laws. *See Rural American Bank of Greenwald v. Herickhoff*, 485 N.W.2d 702, 706-07 (Minn. 1992). The 1997 amendment to § 519.05 neither states nor infers that the changes are to be applied to debts incurred prior to the revision in 1997. As a result, the change does not apply retroactively.

Because the amendment has no retroactive effect, it does not "take away or impair vested rights acquired under exiting laws . . . in respect to transactions or considerations already past." *Barbieri v. Morris*, 315 S.W.2d 711, 714 (Mo. 1959). The right of Defendant to pursue Plaintiff to recover the incurred medical debt was vested in 1995. Because the amendment was not retroactive, it cannot "take away or impair" that acquired right. When his wife obtained the medical debt, Plaintiff was liable and that fact was not altered by the 1997 amendment. Thus, the Defendant's attempt to collect from Plaintiff could not have been a violation of the FDCPA

because Plaintiff was liable for the debts incurred by Mrs. Egge in 1995. Plaintiff's FDCPA claim based upon a violation of § 519.05 is dismissed.

Plaintiff also alleges that Defendant violated the FDCPA by charging or attempting to charge usurious interest on a debt. The FDCPA prohibits "threatening to take action that cannot legally be taken." 15 § 1692(e)(5). Defendant argues that the principle of res judicata is an affirmative defense to Plaintiff's FDCPA claim, that is, the prior judgment in state conciliation court bars Plaintiff from bringing this FDCPA claim. The possible preclusive effects of state court judgments are determined by the law of the state from which the judgment emanated. *See Kremer v. Chemical Construction Co.*, 456 U.S. 461, 481-82 (1982). However, the Supreme Court has determined that the burden of proof is controlled by the Federal Rules of Civil Procedure and is placed on the party seeking to invoke res judicata as an affirmative defense. *See Howard v. Green*, 555 F.2d 178, 181 (8th Cir. 1977).

The principle of res judicata eliminates the need to relitigate issues and events already decided in a court of law. *See Buetz v. A.O. Smith Harvestore Products, Inc.*, 431 N.W.2d 528, 531 (Minn. 1988). The Minnesota Supreme Court has formulated this definition of res judicata: "A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privities, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated, therein." *Id.*

Because Plaintiff was the defendant in the conciliation court action, the applicability of res judicata is considered under a compulsory counterclaim analysis. Rule 13.01 of the Minnesota Rules of Civil Procedure delineates what counterclaims must be pleaded in a prior action to preclude res judicata. "A pleading shall state as a counterclaim any claim which at the

time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction that is the subject matter of the opposing party's claim." Minn. R.C.P. 13.01.

Minnesota state courts have not been called upon to determine whether or not an FDCPA claim "arises out" of the same transaction as an underlying debt collection action. However, several other state and federal courts have considered the issue. *See Hart v. Clayton Parker and Associates*, 869 F.Supp. 774, 777 (D.Ariz. 1994); *Ayres v. National Credit Management Corp.*, Civ. A. No. 90-5535, 1991 WL 66845, at *1 ( E.D. Pa. Apr. 25, 1991); *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981); *Whigum v. Heilig-Meyers Furniture, Inc.*, 682 So.2d 643, 646 (Fla. Dist. Ct. App. 1996). Many courts note that no court has found that an FDCPA suit was a compulsory counterclaim to a debt collection action. *See Hart*, 869 F.Supp. at 777; *Whigum*, 682 So.2d at 646. Defendant does not cite a single case that has decided that the FDCPA claim is a compulsory counterclaim to the prior debt action.

The Eighth Circuit determined in *Peterson v. United Accounts, Inc.*, 638 F.2d at 1137, that the FDCPA claim at issue was a permissive counterclaim. "In the instant case, the circumstances giving rise to the original debt are separate and distinct from the collection activities undertaken by [defendant]. While the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another." *Id.* While Defendant argues correctly that *Peterson* does not necessarily stand for the proposition that all FDCPA claims are permissive in regards to an underlying debt collection action, the focus remains whether the FDCPA claim stems from the same transaction as the earlier debt collection action. Defendant avers that unlike the activities at issue in *Peterson*, failing to send the debtor the legally required notice, the activity alleged here

goes to the existence of the debt rather than actions taken in an attempt to collect the debt. Plaintiff's FDCPA claim does not dispute the validity of the debt. Instead, it alleges that the Defendant tried to collect usurious interest on the debt, a collection activity. As a result, the FDCPA claim does not arise from the same transaction as the creation of the debt and is a permissive counterclaim. *See Peterson*, 638 F.2d at 1137.

In the past, Minnesota courts have noted that § 13.01 is virtually identical to its federal counterpart and have used analysis under the federal rule to guide in the application of § 13.01. *See Mickelson v. Rosenberg*, 190 N.W.2d 82, 85 (Minn. 1971); *see also Renneke v. Traveler's Fare, Inc.*, No. C2-89-1307, 1989 WL 131610, *2 (Minn. App. Nov. 7, 1989). This leads us to follow the result in *Peterson* and conclude that this FDCPA claim is a permissive counterclaim to the debt collection action under § 13.01. The Minnesota Court of Appeals has determined that res judicata does not bar a claim that is classified as a permissive counterclaim in regards to an earlier action. *See G.A.W. v. D.M.W.*, 596 N.W.2d 284, 288 (Minn. Ct. App. 1999) (citing 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 13.5, Author's Comments (1998)). Having construed the FDCPA claim alleged here as a permissive counterclaim, Defendant has not satisfied its burden of proving the res judicata affirmative defense. Hence, the earlier debt collection suit in state conciliation court does not bar the instant case.

This result is buoyed by the policy rationale of encouraging lay litigants to use conciliation courts to resolve minor matters. Although the Minnesota Supreme Court has held that res judicata attaches to judgments in conciliation court, *Mattsen v. Packman*, 358 N.W.2d 48, 49-50 (Minn. 1984), the court has also warned that a strict rule of res judicata could turn

conciliation courts, which use quick and informal procedures to resolve conflicts, into "dangerous traps for the unwary." *Jorissen v. Miller*, 339 N.W.2d 82, 84 (Minn. 1987). Defendant's Motion to Dismiss Plaintiff's FDCPA claim based on collection efforts threatening usurious rates under Minnesota law is denied.[2]

**C. Motion to Dismiss the Plaintiff's Minnesota Usury Law Claim**

Defendant also requests that Plaintiff's Minnesota state usury law claim, Minn. Stat. § 334.01, be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim. Because Plaintiff's complaint has not alleged the requisite statutory facts, the Defendant's Motion to Dismiss the usury claim is granted.

Section 334.01 of Minnesota Statutes prohibits interest rates higher than 6% unless pursuant to a contract. The action to recover under Minnesota usury law is described in section 334.02.

> Every person who for any such loan or forbearance shall have paid or delivered any greater sum or value than in section 334.01 allowed to be received may, personally or through personal representatives, recover in an action against the person who shall have received the same, or the receiver's personal representatives, the full amount of interest or premium so paid, with costs, if action is brought within two years after such payment or delivery.

The law requires that a person have "paid or delivered any greater sum or value" than allowed by section 334.01 to bring a suit under Minnesota usury law and become entitled to relief. *Id.*

---

[2]Plaintiff has committed to voluntarily dismissing this claim if discovery bears out that usurious interest was not in fact charged.

Furthermore, the statute of limitations and amount of damages is based upon actual payment of interest. *Id.*

Plaintiff's complaint, however, does not assert that Plaintiff paid any amount to Defendant, let alone any amount greater than that allowed by Minnesota usury law. Plaintiff alleges that Defendant "charged 18% interest on the debt" and "attempted to charge" usurious interest rates, but does not state that he in fact paid any money to Defendant. (Compl. at 3, 4, 5.) While these allegations may implicate activities such as threats or false misrepresentations made illegal by the FDCPA discussed supra, *see* 15 U.S.C. § 1692(e), they do not meet section 334.02's requirement that usurious interest was actually paid. In addition, the record of the prior debt action indicates that Plaintiff was dismissed from that action without making payment to Defendant. Because Plaintiff has not alleged sufficient facts to show entitlement to relief on this claim, Defendant's Motion to Dismiss the state usury claim is granted.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss Plaintiff's FDCPA claim [Doc. No. 4] is **GRANTED IN PART**. To the extent Plaintiff alleges an FDCPA claim based on Minn. Stat. § 519.05, that claim is **DISMISSED WITH PREJUDICE**. The FDCPA claim based on threatening usurious interest rates to collect a debt remains, and

2. Defendant's motion to dismiss Plaintiff's Minnesota usury claim [Doc. No. 4] is

**GRANTED**. The claim is **DISMISSED WITHOUT PREJUDICE**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2000