**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

David Egge, on behalf of
himself and all other persons
similarly situated,

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-934 ADM/AJB

Healthspan Services Company
d/b/a Reliance Recoveries,

Defendant.

---

Jordan M. Lewis, Esq. and Wood R. Foster, Jr., Esq., Siegel, Brill, Greupner, Duffy & Foster, P.A., Minneapolis, Minnesota, and Mark G. Stephenson, Esq., Stephenson & Sutcliffe, P.A., Rochester, Minnesota, appeared for and on behalf of the Plaintiff.

Susan K. Fitzke, Esq. and James F. Roegge, Esq., Meagher & Geer, P.L.L.P., Minneapolis Minnesota, appeared for and on behalf of the Defendant.

---

## I. INTRODUCTION

On June 8, 2001, this matter came on for hearing before the undersigned United States District Court Judge pursuant to Defendant's Motion for Summary Judgment [Doc. No. 38]. For the reasons set forth below, Defendant's Motion is denied.

## II. BACKGROUND

Plaintiff David Egge ("Egge") alleges that Defendant Healthspan Services Company ("Healthspan") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e & 1692f, by attempting to collect interest in circumstances where there is no underlying obligation or promise by the debtor to pay any interest.

In March 1995, Egge's spouse, Mary Egge, was hospitalized for nearly three weeks at

FILED JUL 3 0 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Allina's Abbott Northwestern Hospital in Minneapolis, Minnesota. Roe Aff. ¶ 3. Mary Egge was responsible for $3,759.00 of her medical bills. *Id.* ¶ 4. She later incurred another $200 of medical expenses with Allina. *Id.* ¶ 7. With the exception of a $50 payment towards the $200 debt, neither debt was paid. *Id.* ¶ 5, Ex. B. On November 13, 1995, Allina assigned the debt to Healthspan for collection. *Id.* ¶ 6.

Healthspan's records indicate that it mailed the first two collection notices to the Egges[1] on November 14, 1995 and December 14, 1995. Roe Supp. Aff. ¶ 3, Ex. J. These communications stated that "interest may be charged at 6% per annum on the past due balance." *Id.* ¶ 3, Ex. J. As of January 7, 1996, Healthspan began to send collection letters adding 6% interest on to the principal. *Id.* ¶¶ 5, 6. Healthspan brought a suit against David and Mary Egge in conciliation court on August 3, 1999, seeking $4,970.85, which included the principal, 6% interest and a $35 filing fee. Roe Aff. Ex. E. On October 20, 1999, judgment was entered against Mary Egge for $3,257 and David Egge was dismissed from the suit. *Id.* Ex. F.

**III. DISCUSSION**

David Egge's lone FDCPA claim centers around Healthspan's attempted collection of interest charges on the Egge's account. Egge claims that under Minnesota law, interest may not be charged on a debt unless contractually agreed to by the parties. Hence, Egge alleges that the attempted collection of interest, which he was not obligated to pay at that time, is a violation of the FDCPA. Healthspan seeks summary judgment on the ground that the account stated doctrine allowed interest to be charged. "Summary judgment is proper if the evidence, viewed in the light

---

[1]Under Minnesota law at the time, Egge was legally responsible for his wife's medical expenses. *Egge v. Healthspan Servs. Co.*, 115 F.Supp.2d 1126, 1128 (D. Minn. 2000).

most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Cooper v. Olin Corp.*, 246 F.3d 1083, 1087 (8th Cir. 2001).

Under § 1692e of the FDCPA, it is illegal to falsely represent the character or amount of any debt. 15 U.S.C. § 1692e. Likewise, it is a violation of § 1692f to attempt to "[collect] of any amount. . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Sandlin v. Shapiro & Fishman*, 919 F.Supp. 1564, 1568 (M.D. Fla. 1996). Thus, the question is whether the collection of interest on this debt is specifically allowed by Minnesota or federal law. *See Ballard v. Equifax Check Servs., Inc.*, 27 F.Supp.2d 1201, 1205 (E.D. Cal. 1998). There apparently is no written contract or agreement between the Egges and Allina regarding the payment of the medical expenses. However, "when one requests the performance of services by another, there is an implied promise to pay for the services rendered." *Bigelow v. Hill*, 152 N.W. 763 (Minn. 1915); *accord* 8 Dunnell Minn. Digest *Contracts* § 2.06(a) (citing *e.g. Sagl v. Hirt*, 52 N.W.2d 721 (Minn. 1952)) ("Where a person performs services for another at the other's request but without any agreement about compensation, the person may recover the reasonable value of his services on implied contract.").

It is uncontroverted that Healthspan sent the Egges debt notices that included interest charges. Under Minnesota law, "the general rule is that liability for interest is purely a matter of contract, requiring a promise to pay it." *Am. Druggists Ins. v. Thompson Lumber Co.*, 349 N.W.2d 569, 573 (Minn. Ct. App. 1984) (citing *Tate v. Ballard*, 68 N.W.2d 261 (Minn. 1951). However, the account stated doctrine permits liability for interest under circumstances where a party never expressly agreed to pay it. *Id.* If one side proffers a "statement" of an account between the parties,

the other side's retention of it without objection for an unreasonable amount of time constitutes prima facie evidence of the accuracy of the account that has been set forth. *See Erickson v. Gen. United Life Ins. Co.*, 256 N.W.2d 255, 259 (Minn. 1977); *Kittler & Hedelson v. Sheehan Props., Inc.*, 203 N.W.2d 835, 839-40 (Minn. 1973). For example, in *American Druggists Insurance v. Thompson Lumber Co.*, the Minnesota Court of Appeals held that where a lumber company's invoices to a customer "clearly indicated interest would be charged" and the customer did not complain, the "acquiescence in the charges resulted in the law implying a promise to pay those charges." 349 N.W.2d at 573.

On November 14, 1995 and December 14, 1995, Healthspan sent the Egges a letter outlining the debt that stated "interest may be charged at 6% per annum on the past due balance." Roe Supp. Aff. ¶ 3, Ex. J. These were the first two collection letters sent to the Egges by Healthspan and are evidently the first documents notifying the Egges that interest may be charged on their Allina medical debt. Def.'s Mem. Supp. at 7. In January of 1996, less than two months after the first of these communications, Healthspan began sending the Egges bills with interest charges added onto the principal. *Id.* ¶¶ 5, 6. The only authority Healthspan has set forth as permitting collection of interest from the Egges is the account stated doctrine. Although Minnesota law sometimes requires a debtor to pay interest or other amounts pursuant to the account stated doctrine, it does not explicitly permit the imposition of interest in the first place. *See Am. Druggists*, N.W.2d at 573. That Minnesota law may allow the collection of interest at a later point in time does not retroactively authorize the collection of an amount that was not originally permitted by law at an earlier time.

Therefore, the proper focus of the account stated inquiry is on the conduct of Healthspan

and Egge prior to the first interest charges in January of 1996. At this summary judgment stage it cannot be determined whether, as a matter of law, Healthspan's 1995 November and December notices created an account stated allowing the charging of interest by January of 1996.[2] Summary judgment is denied.[3]

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Summary Judgment Motion [Doc. No. 38] is **DENIED.**[4]

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2001

---

[2]Courts are split on whether the determination of the reasonableness of the delay in objection is a question for the jury or solely the court in circumstances where there are no facts in dispute. *Compare Nello L. Teer Co. v. Dickerson, Inc.*, 126 S.E.2d 500, 532 (N.C. 1962) ("Ordinarily what is a reasonable time [under account stated doctrine] is a question for the jury"), *and W. Newspaper Union v. Segerstrom Piano Mfg. Co.*, 136 N.W. 752, 754 (Minn. 1912) (whether defendant made "seasonable" objection to account stated was question for the jury); *with Standard Oil Co. v. Van Etten*, 107 U.S. 325, 333-34 (1882) ("what constitutes a reasonable time [under account stated doctrine] is a question of law"), *and Auffenberg v. Bd. Of Trs. of Columbus Reg'l Hosp.*, 646 N.E.2d 328, 331 (Ind. Ct. App. 1995) ("When the underlying material facts are undisputed, what constitutes a reasonable time to object to a statement of account is a question of law"); *see generally* 1 Am. Jur. 2d *Accounts and Accounting* § 40 (1994).

[3]This Order does not determine whether the account stated doctrine may be used as a defense to a §1962e action at trial.

[4]Plaintiff voluntarily dismissed its FDCPA claim concerning usury. [Doc. Nos. 48, 49].

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500