**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Court File No. 00-934 ADM/AJB

DAVID EGGE, for himself and on behalf of others similarly situated,

Plaintiff,

v.

HEALTHSPAN SERVICES COMPANY d/b/a RELIANCE RECOVERIES,

Defendant.

**STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY**

**IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiff David Egge and Defendant Healthspan Services Company, d/b/a/ Reliance Recoveries that:

1. This Stipulation and Order (hereinafter "Order") shall govern the production, use and disclosure of information and documents produced or disclosed in connection with this action and designated in accordance with this Order.

2. For the purposes of this Order, the term "documents" shall be defined in accordance with Rule 34 of the Federal Rules of Civil Procedure.

3. Any party may designate documents produced or disclosed in connection with this action as "CONFIDENTIAL" and subject to the protections and requirements of this Order. Only information and documents that a party in good faith believes contain or refer to confidential or proprietary information concerning or relating to one of the parties may be designated as "CONFIDENTIAL."

AUG 2 7 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

4. In the case of any other document, the designation of "CONFIDENTIAL" shall be made by marking the document with the legend "CONFIDENTIAL" or by otherwise advising all parties in writing that specific documents are designated as "CONFIDENTIAL."

5. Information conveyed or discussed in testimony at a deposition or a court proceeding shall be subject to this Order provided it is designated as "CONFIDENTIAL" on the record or in writing either at the time the testimony is given or within thirty days after receipt by the parties of the portion of the deposition or the court hearing transcript containing the confidential information. Any party shall have the right to exclude from attendance at a deposition during such time as any information or documents designated "CONFIDENTIAL" are disclosed any person who is not entitled to receive such information or documents pursuant to this Order.

6. Documents and information designated as "CONFIDENTIAL" pursuant to this Order shall be used only for the purpose of preparing and conducting this litigation.

7. Documents and information designated as "CONFIDENTIAL" pursuant to this Order shall not be disclosed to anyone other than:

(a) a court and court personnel considering the dispute between the parties;

(b) the parties to this action and their current employees with a need to know;

(c) counsel of record for the parties to this action and their employees and representatives;

(d) experts and advisors retained for the purposes of this action, provided, however, that before such expert or advisor is shown or receives any information or document designated as "CONFIDENTIAL," that expert or advisor must agree in writing to comply with the terms of this Order;

(e) stenographic or court reporters engaged for depositions;

(f) deponents during the course of a deposition, provided, however, that unless the person otherwise qualifies for access to such information or documents pursuant to this Order, before such person is shown or receives any information or document designated as "CONFIDENTIAL," that person must be advised that they are obligated to comply with the terms of this Order and must be given an opportunity to review the terms of this Order;

(g) any relevant witnesses and such other persons as the parties may agree on in writing, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL," that person must agree in writing to comply with the terms of this Order;

8. Any "CONFIDENTIAL" documents and information filed with the Court shall be filed with the Court under seal.

9. Within sixty (60) days after the final disposition of this action, including all appeals therefrom, all documents designated as "CONFIDENTIAL," including all copies of documents designated as "CONFIDENTIAL," and all excepts therefrom in the possession, custody or control of parties other than the producing party shall be returned to counsel for the producing party, and counsel for parties other than the producing party shall destroy or keep under seal all work product or transcripts embodying documents or information designated as "CONFIDENTIAL" provided, however, that counsel for each party may retain one copy of each document designated as "CONFIDENTIAL" under seal for a period of six (6) years after said sixty-day period solely for reference in the event of a dispute over the use or dissemination of information subject to the terms

of this Order. At the end of said six-year period, such documents shall be destroyed or returned to counsel for the producing party.

10. The provisions of this Order shall, absent written consent of the parties hereto, continue to be binding on the parties, their successors and assigns, for a period of two (2) years after the final disposition of this action. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this Order and such other and further relief as may be necessary, and either party may apply the Court at any time for an amendment or modification of or addition to this Order.

11. The confidentiality obligations of this Order shall not prohibit the use by any party or others of any information or documents that are currently in the public domain or that are required to be disclosed by any law, regulation, order or rule of any governmental authority, provided, however, that the party making such disclosure shall give prompt advance notice of any such disclosure in writing to each of the parties to afford a party the opportunity to seek legal protection from the disclosure of such information or documents.

12. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

13. Neither this Order, nor any stipulation therefor, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as

"CONFIDENTIAL" hereunder is not confidential information for purposes of determining the merits of any claims either party may have against one another or a third party. Neither this Order nor any stipulation therefor shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this lawsuit.

14. This Order shall be without prejudice to the right of either party:

(a) to have determined by motion, at any time, whether any information has been improperly designated as confidential, in which event, the party making the assertion of confidentiality shall have the burden of establishing the same; and

(b) to apply to the Court for relief from any requirements hereof, for good cause.

Dated: August 23, 2001

Jordan Lewis #203099
**SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.**
400 East Wisconsin Avenue
Suite 333, Floor 3A
Milwaukee, WI 53202-4469
(414) 225-9646

***Attorneys for Plaintiff***

Dated: August 21, 2001

Susan K. Fitzke

James F. Roegge #92678
Susan K. Fitzke #294032
**MEAGHER & GEER, P.L.L.P.**
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 338-0661

***Attorneys for Defendant***

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED** that the parties' foregoing Stipulation of Confidentiality filed herewith is hereby adopted as this court's order for the protection of confidential information in the above-captioned cause.

Dated: August 27, 2001

Honorable Ann D. Montgomery
United States District Court Judge

906490.1

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.